IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLARENCE MARTIN,<br>Reg. No. 11858-002, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:19-CV-1061-MHT |
| | ) | |
| STATE OF ALA. BD. OF PARDONS &<br>PAROLES, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Clarence Martin, a federal inmate, in which he challenges the  constitutionality of a parole violation warrant issued against him by the defendant.  Martin seeks only injunctive relief by either removal or disposition of this warrant.  Doc. 1 at 7.

The defendant, with permission of the court, filed a motion to dismiss the complaint in which it argues that Martin has received the requested relief.  Specifically, the defendant maintains "that Martin's parole violation warrant was rescinded by Defendant on April 24, 2018 [but] for unknown reasons, the Alabama Department of Corrections ("ADOC") failed to remove this warrant from their system.  ADOC has now removed the warrant from its system and has received confirmation of the removal from the Federal Bureau of Prisons." Doc. 7 at 6–7.  The defendant therefore argues that this case is now moot.  Doc. 7 at 7.

Based on the foregoing, the court issued an order that on or before February 18, 2020 Martin  "show cause (i) why the motion for leave to file a motion to dismiss should not be granted, and (ii) why the instant case should not be dismissed as moot because he has received the requested relief. "  Doc. 8. As of the present date, Martin has filed no response to this order. The court therefore concludes that this case should be dismissed as moot.

## II.  DISCUSSION

Federal courts do not sit to render advisory opinions.  *North Carolina v. Rice*, 404 U. S. 244, 246 (1971).  An actual controversy must exist at all times when the case is pending.  *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974).  In cases where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot.  *National Black Police Assoc. v. District of Columbia,* 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

The mootness doctrine derives directly from the case-or-controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County Sch. Bd*., 112 F.3d 1475, 1477 (11th Cir. 1997).  A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome.  *Weinstein v. Bradford*, 423 U.S. 147 (1975);  *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been

mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."); *Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").  "Put another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'"  *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health and Rehab. Servs.,* 225 F.3d 1208, 1216–17 (11th Cir. 2000) (quoting *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)).  Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies."  Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court.  *Lewis v. Continental Bank Corp*., 494 US. 472, 477 (1990).

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the Eleventh Circuit Court of Appeals determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

"This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate."  *Id*.  When actions occur subsequent to the filing of a lawsuit and deprive the court of the ability to give the plaintiff meaningful relief, then the case is moot and must be dismissed. *See, e.g., Hall v. Beals*, 396 U.S. 45, 48 (1969) (per

curiam).  In such instances, dismissal is required because mootness is jurisdictional.  *See Florida Ass'n of Rehab. Facilities,* 225 F.3d at 1227 n.14 (citing *North Carolina v. Rice*, 404 U.S. 244, 246, (1972) ("The question of mootness is . . . one which a federal court must resolve before it assumes jurisdiction [to address the merits of a complaint].").  "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id*. at 1217 (citing *Hall*, 396 U.S.at 48).

The parole violation warrant Martin challenges has been rescinded and removed from his files, the precise relief sought by Martin.   Consequently, the request for injunctive relief, the only relief sought by Martin, is moot.  *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Murphy v. Hunt*, 455 U.S. 478, 481–82 (1982); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to potential illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED as moot.

On or before **March 17, 2020** the parties may file objections to the Recommendation.   A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd day of March, 2020.


_____/s/ Charles S. Coody_____
UNITED STATES MAGISTRATE JUDGE